**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELSEY KELLY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EWING TOWNSHIP, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 24-10824 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendants Mercer County Prosecutor's Office and Assistant Prosecutor Petit's[1] (collectively, the "Moving Defendants") unopposed Motion to Dismiss (ECF No. 6) Plaintiff Kelsey Kelly's ("Plaintiff") Second Amended Complaint ("SAC") (ECF No. 1).[2] After careful consideration of the Moving Defendants' submissions, the Court decides the Motion to Dismiss without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, the Moving Defendants' Motion to Dismiss is granted.

---

[1] The Moving Defendants state that Plaintiff improperly pleads the name of Assistant Prosecutor Kyle Petit as "Carl Petit." (Moving Defs.' Br. 1, ECF No. 6-1.) For the purpose of this Memorandum Opinion and for ease of reference, the Court refers to Assistant Prosecutor Petit by his last name and title only.

[2] The SAC is one of several documents included in ECF No. 1, along with the Notice of Removal, Complaint, Amended Complaint, and other documents that were filed in the Superior Court of New Jersey prior to the case being removed to this Court.

I. **BACKGROUND**

A. **Factual Background[3]**

This action is premised on a dispute that occurred in 2021 between Plaintiff and her ex-husband Defendant Karl Kelly ("Kelly"), which led to Plaintiff's arrest and criminal charges being filed against her. (SAC ¶¶ 1-14, ECF No. 1 at *121-*124.)[4] On July 30, 2021, while Plaintiff and Kelly were preparing for a trip to Texas, Plaintiff entered a motor vehicle registered to the couple and removed two handguns from the trunk. (*Id.* ¶¶ 1, 2.) At the time, Kelly was a police officer with the Ewing Township Police Department ("Ewing Police Department"). (*Id.* ¶ 1; Answer ¶ 1, ECF No. 3.) Allegedly at the request of Kelly, unidentified members of the Ewing Police Department arrived at the scene and arrested Plaintiff for burglary and theft. (SAC ¶ 3.)

Plaintiff alleges that the Ewing Police Department arrested her in order to "aid" her husband who was with the force, and that the Mercer County Prosecutor's Office pursued her arrest "knowing that there was no merit to it." (*Id.* ¶¶ 4-6.) Plaintiff further alleges that on another, undated occasion, she was arrested and charged with simple assault by unidentified members of the Ewing Police Department after the officers responded to an incident of domestic violence.[5] (*Id.* ¶¶ 9-10.) On June 3, 2024, the pending criminal charges against Plaintiff were dismissed by the New Jersey Superior Court.[6] (*Id.* ¶¶ 3, 14.)

---

[3] For the purpose of considering this motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[4] Page numbers within a record cite that are preceded by an asterisk refer to the page numbers atop the ECF header.

[5] Plaintiff provides no further details on this alleged incident. (*See* SAC ¶¶ 9-10.)

[6] Plaintiff does not specify which—or if all—of the pending criminal charges against her were dismissed at this time. (*See id.* ¶¶ 3, 6, 9-12.)

Plaintiff brings this action for false arrest (Count One), malicious prosecution (Count Two), and violation of 42 U.S.C. § 1983 ("§ 1983") (Count Three) against Kelly, the Mercer County Prosecutor's Office, the Ewing Police Department, the Ewing Township, the Mayor and Council, Assistant Prosecutor Petit, Christopher Boller ("Boller"), Kenneth Vagnozzi ("Vagnozzi"), Nicholas Jones ("Jones"), and ten unidentified individuals.[7] (*See generally id.*)

**B.     Procedural Background**

Plaintiff initially commenced this action against the Mayor and Council, the Ewing Township, the Ewing Police Department, and the Mercer County Prosecutor's Office in the Superior Court of New Jersey on January 2, 2023 (the "Complaint"), asserting claims of false arrest and malicious prosecution. (ECF No. 1 at *12-*14.) On March 17, 2023, the Superior Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted. *Kelly v. Mayor & Council et al.*, No. MER-L-000001-23, order at 1-2 (N.J. Super. Ct. Mar. 17, 2023). Plaintiff thereafter filed an amended complaint (the "FAC"), which the Ewing Township moved to partially dismiss for failure to include a Notice of Tort Claim as required under N.J.S.A. § 59:8-8. (*See* ECF No. 1 at *34, *37-*48.) Plaintiff subsequently requested leave to file the SAC, which the Superior Court granted. (*See* ECF No. 1 at *106-*109.)

In the SAC, Plaintiff reasserts her claims of false arrest and malicious prosecution, adds a § 1983 claim against all Defendants, and adds Defendants Kelly, Boller, Vagnozzi, Jones, and Assistant Prosecutor Petit to this action. (*See generally* SAC.) The Mayor and Council, Ewing

---

[7] The Moving Defendants state that "[a]lthough it is not clear from her pleadings," it appears that Plaintiff asserts civil rights claims under both § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1, *et seq.* ("NJCRA"). (Moving Defs.' Br. 1.) The SAC, however, only alleges that Defendants have violated "42 U.S. [§] 1983," and does not mention or allege a violation of the NJCRA. (*See* SAC 3.) The Court, accordingly, interprets the SAC as limited to pleading a § 1983 claim under federal law, and declines to interpret the SAC as asserting a parallel claim under New Jersey law.

Township, Ewing Police Department, Boller, Vagnozzi and Jones subsequently removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1 at *1-*10); *see* 28 U.S.C. §§ 1331, 1441(a). The Mayor and Council, the Ewing Township, and the Ewing Police Department thereafter filed an Answer and asserted crossclaims for contribution and indemnification against the Mercer County Prosecutor's Office and Assistant Prosecutor Petit. (Answer 7-9.)

The Mercer County Prosecutor's Office and Assistant Prosecutor Petit subsequently moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Moving Defs.' Br. 2.)[8] Kelly independently moved for summary judgment against Plaintiff. (ECF No. 11.)

## II. **LEGAL STANDARD**

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court

---

[8] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

#### A. The SAC fails to satisfy Rule 8's pleading standard.

At the outset, the Court finds that the SAC impermissibly groups all Defendants together and lacks sufficient factual allegations as to each Defendant to satisfy the "short and plain statement" requirement of Rule 8 and provide notice of the claims. *See* Fed. R. Civ. P. 8(a).

"Courts in this district routinely dismiss complaints when the complaints contain improper 'group pleading.'" *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) (citing cases). Mere "conclusory allegations against [d]efendants as a group" which "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citation omitted).

In the SAC, Plaintiff alleges: (1) Plaintiff entered a motor vehicle registered to the couple and removed two handguns from the trunk in 2021; (2) unidentified members of the Ewing Police Department arrested her for burglary and theft "[a]t the request of [Kelly];" (3) on another undated

5

occasion, unidentified members of the Ewing Police Department "responded to an incident of domestic violence" and arrested Plaintiff for simple assault; (4) this action was similarly taken to "protect[]" Kelly because he is a member of the force; and (5) in June 2024, the criminal charges against Plaintiff were dismissed. (*See generally* SAC.)

The SAC, however, fails to allege any facts regarding the conduct of at least six of the nine named defendants,[9] including of the Mayor and Council, the Ewing Township, Boller, Vagnozzi, Jones, or Assistant Prosecutor Petit. (*Id.*) Moreover, in each of the three alleged counts, the SAC impermissibly groups all Defendants together and alleges without distinction that: (1) "[t]he actions by the Defendants herein were malicious and resulted in the false arrest of Plaintiff;" (2) "[t]he actions by the Defendants herein resulted in a malicious prosecution of Plaintiff;" and (3) "[t]he actions by the Defendants herein constitute a violation of 42 U.S.[C.] [§] 1983." (*Id.* at 3.)

"This type of group pleading in which all the [d]efendants are lumped together does not provide [the defendants] notice of the claims against [them] and the grounds upon which those claims rest." *Mazure v. Remington Arms Co., Inc.*, No. 22-2854, 2022 WL 2439196, at *3 (D.N.J. July 5, 2022) (determining that the complaint failed to satisfy Rule 8(a)(2) because it alleged all nine defendants committed the purportedly wrongful conduct). Such pleadings "do not set forth facts sufficient to give the individual defendants notice as to the misconduct with which each is charged or to provide this Court with a basis upon which to determine the viability of the claims against each of them." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, No. 97-2669, 1999 WL 410362, at *3 (E.D. Pa. June 21, 1999).

---

[9] Plaintiff also asserts her claims against ten unidentified John and Jane Does. (*See generally* SAC.)

Consequently, in failing to differentiate which Defendant was involved in the unlawful conduct, the allegations in the SAC as pleaded are insufficient to state a claim. *Smith v. Middleton*, No. 09-4998, 2010 WL 398899, at *5 (D.N.J. Jan. 27, 2010) (dismissing complaint where plaintiff named several defendants but failed to set forth facts detailing the alleged wrongdoing of each defendant); *Victoria v. Anderson*, No. 23-3765, 2024 WL 772543, at *3 (D.N.J. Feb. 26, 2024) (dismissing the complaint in its entirety because plaintiff failed to "plead specific facts as to each [d]efendant's . . . wrongdoing(s)" and instead "ma[de] general allegations against the group").

**B.     The SAC fails to state a cognizable federal claim.**

Although the group pleading deficiency is dispositive here, the SAC contains additional defects that the Court will address. In particular, the SAC's minimal factual allegations are insufficient to state a federal claim under § 1983. To state a claim for relief under § 1983, a plaintiff must allege: "(1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). To state a § 1983 claim against a municipality or other local governmental body, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). A policy exists "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* (citation omitted). Similarly, a custom can be "proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). Moreover, when asserting a § 1983 claim against multiple defendants, "a plaintiff must [plead] that each

individual defendant violated [her] constitutional rights." *Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005).

Here, the SAC asserts the § 1983 claim against all Defendants, including various individuals like Assistant Prosecutor Petit, and municipalities like the Ewing Township and the Mercer County Prosecutor's Office. (SAC 3.) The SAC, however, is extremely brief and does not allege the personal involvement of each Defendant in the events giving rise to Plaintiff's claim, nor articulate any municipal policy or custom that caused the conduct at issue in this case. (*See generally* SAC.) Without more, Plaintiff cannot sustain a § 1983 claim against the identified individual Defendants or municipalities. *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (to assert a plausible claim under § 1983 against a municipality, a plaintiff "must identify [the] custom or policy [that allegedly violated their rights], and specify what exactly that custom or policy was" to satisfy the pleading standard) (citation omitted); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable).

Moreover, the SAC's impermissible group pleading, as discussed prior, is particularly fatal to Plaintiff's § 1983 claim. *Fraenkel v. Garcia*, No. 18-9281, 2019 WL 2619130, at *6 (D.N.J. June 26, 2019) (alterations in original) ("Group pleading does not support a [§] 1983 claim."); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (holding that the district court did not err in dismissing plaintiff's § 1983 claim because the complaint did not allege specific, personal

involvement on the part of the unknown defendants). For these additional reasons, Plaintiff's SAC fails to state a claim under § 1983.[10]

### C.   The Court Dismisses the SAC as to all Defendants.

Because the above pleading defects apply to both the Moving Defendants and the other nonmoving Defendants equally, the Court *sua sponte* dismisses the SAC without prejudice against all Defendants. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *Romanelli v. DeWeese*, No. 10-1434, 2011 WL 2149857, at *8 (M.D. Pa. June 1, 2011) (dismissing complaint *sua sponte* as to all defendants because the complaint necessarily also failed to state claim against nonmoving defendants); *Sullivan Associates, Inc. v. Dellots, Inc.*, No. 97-5457, 1997 WL 778976, at *7 (E.D. Pa. Dec. 17, 1997) (dismissing state law claims *sua sponte* against nonmoving defendant where defect raised by moving defendant applied equally to all claims).

---

[10] To the extent that Plaintiff takes issue with Assistant Prosecutor Petit's conduct in connection with the pursuit of the criminal charges at issue, the Court further notes that the doctrine of prosecutorial immunity bars Plaintiff's § 1983 claim. *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992) (explaining that "[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role," and thus "[a] prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred."); *Green v. United States*, 418 F. App'x 63, 66 (3d Cir. 2011) (holding that absent allegations that a prosecutor acted outside the scope of his prosecutorial duties, individual prosecutors are "immune from suit" for damages under § 1983).

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Moving Defendants' Motion to Dismiss and dismisses Plaintiff's SAC without prejudice against all Defendants.[11] An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[11] Also pending before the Court is Defendant Kelly's unopposed Motion for Summary Judgment. (ECF No. 11.) Because the Court grants the Moving Defendants' Motion to Dismiss as to all Defendants, Kelly's pending Motion for Summary Judgment is denied as moot. Should Plaintiff file a third amended complaint, Kelly may refile his motion for summary judgment at that time.