**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KELSEY KELLY,<br><br>        Plaintiff,<br><br>        v.<br><br>EWING TOWNSHIP, *et al.*,<br><br>        Defendants. | Civil Action No. 24-10824 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Karl Kelly's ("Defendant" or "Karl") Motion for Summary Judgment. (ECF No. 21.) Plaintiff Kelsey Kelly ("Plaintiff" or "Kelsey") opposed (ECF No. 28), and Defendant replied (ECF No. 29). After careful consideration of the parties' submissions, the Court decides the motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion for Summary Judgment is granted.

## I.    <u>BACKGROUND</u>[1]

Plaintiff and Defendant were married on November 30, 2018. (SUMF ¶ 1.)[2] On July 30, 2021, an incident occurred that resulted in Plaintiff's arrest by the Ewing Township Police Department.[3] (*Id.* ¶ 2.)

On January 2, 2023, Plaintiff commenced an action against the Mayor and Council, Ewing Township, the Ewing Township Police Department, and the Mercer County Prosecutor's Office in the Superior Court of New Jersey (the "Complaint"), asserting claims of false arrest and malicious prosecution arising from the July 30, 2021 incident. (ECF No. 1 at *12-*14.)[4] On March 17, 2023, the Superior Court of New Jersey dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted. *See* Order 1-2, *Kelly v. Mayor & Council et al.*, No. MER-L-000001-23 (N.J. Super. Ct. Mar. 17, 2023).

---

[1] Unless otherwise noted, the following facts are undisputed and are drawn from Defendant's Statement of Undisputed Material Facts ("SUMF") (SUMF, ECF No. 21-2), or from judicially noticed materials.

[2] Plaintiff failed to submit either a responsive statement of undisputed material facts or a statement of disputed facts with her opposition to Defendant's motion for summary judgment. Thus, for the purposes of this motion, the material facts set forth in Defendant's SUMF are deemed undisputed. L. Civ. Rule 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."); *V.C. ex rel. Costello v. Target Corp.*, 454 F. Supp. 3d 415, 419 n.3 (D.N.J. 2020) ("Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement."); *see Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311, at *1 (D.N.J. June 24, 2014) (deeming facts alleged in defendant's statement of undisputed material facts as true given plaintiff's failure to submit a responsive 56.1 statement).

[3] The undisputed record does not provide further details on this incident. (*See* SUMF.)

[4] Page numbers within a record cite that are preceded by an asterisk refer to the page numbers atop the ECF header.

In 2023, Defendant filed for divorce from Plaintiff in the Superior Court of New Jersey, captioned *Karl Kelly v. Kelsey Kelly*, Docket No. FM-11-330-23 (the "Matrimonal Action").[5] (SUMF ¶ 3.) On July 31, 2023, Plaintiff and Defendant finalized their divorce by executing a Property Settlement Agreement (the "Settlement Agreement"), which included the following mutual release provision (the "Release"):

> [Karl] has decided to withdraw[] his various tort actions against [Kelsey] as elicited on his Answer and Counterclaim filed under this [Matrimonial] docket. His decision to withdraw at this time are personal and he has received no consideration under this [Settlement] Agreement in order to do so. His withdraw[al] is "without prejudice," and he preserves the right to pursue these tort actions against [Kelsey] following the entry of the Final Judgment of Divorce in this matter should he decide to do so.
>
> Other than these tort claims, [Karl] and [Kelsey] hereby mutually remise, release and forever discharge each other from any and all other actions, suits, debts and claims, demands and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause or thing up to the date of the execution of this [Settlement] Agreement [July 31, 2023].

(Settlement Agreement 6-7, ECF No. 21-6; *see also* SUMF ¶¶ 5-8.)

The parties excuted the Settlement Agreement "freely, knowingly, voluntarily[,] and willingly[,]" with each party represented by independent counsel. (Settlement Agreement 1, 9.)

On August 20, 2024, Plaintiff filed an amended complaint in the Superior Court of New Jersey, adding Defendant and other individual defendants as parties. (*See* ECF No. 1 at \*26-\*28.) Plaintiff thereafter filed a Second Amended Complaint, asserting a claim under 42 U.S.C. § 1983 against all defendants. (*See* ECF No. 1 at \*112-\*115.) The Mayor and Council, Ewing Township, Ewing Police Department, Christopher Boller, Kenneth Vagnozzi, and Nicholas Jones removed

---

[5] The undisputed record does not reflect the precise date Defendant filed for divorce in 2023. (*See* SUMF.)

the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1 at *1-*10); *see* 28 U.S.C. §§ 1331, 1441(a). The Mercer County Prosecutor's Office and Assistant Prosecutor Petit moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] (ECF No. 6.)

Shortly after removal, on December 9, 2024, counsel for Defendant notified Plaintiff's counsel that the Release in the Settlement Agreement barred Plaintiff's claims against Defendant. (Certification of Marshall Kizner ("Kizner Cert.") ¶ 6, ECF No. 21-3; Correspondence, ECF No. 21-4.) Plaintiff's counsel initially indicated that Defendant would be dismissed from the action, but no notice of dismissal was ever filed. (Correspondence 1-3; Kizner Cert. ¶¶ 7-9.)

Defendant thereafter moved for summary judgment. (ECF No. 11.) While that motion was pending, the Court granted the Mercer County Prosecutor's Office and Assistant Prosecutor Petit's motion to dismiss, resulting in the dismissal of the Second Amended Complaint as to all defendants. (ECF Nos. 15, 16.) Defendant's motion for summary judgment was therefore dismissed as moot. (ECF No. 16.)

Plaintiff subsequently filed a Third Amended Complaint, reasserting her claims against all defendants. (ECF No. 18.) Defendant renewed his motion for summary judgment (ECF No. 21), which the parties fully briefed (ECF Nos. 28, 29). Defendant's motion for summary judgment is ripe for adjudication.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby,*

---

[6] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine disputes of material fact exist). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a summary judgment motion, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249-50. Credibility determinations are the province of the fact finder. *Big*

*Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III.    DISCUSSION

### A.    Motion for Summary Judgment

Defendant moves for summary judgment on all of Plaintiff's claims asserted against him, arguing that Plaintiff's claims are barred by the Release contained in the Settlement Agreement. (Def.'s Moving Br. 7-9, ECF No. 21-1; *see* Settlement Agreement.)

Plaintiff does not dispute the validity or authenticity of the Settlement Agreement. (*See* Pl.'s Opp'n Br. 3, ECF No. 28.) Plaintiff instead argues that the Release is ambiguous and does not clearly bar the claims asserted in this action. (*See generally id.*) Plaintiff's argument fails as a matter of law.

A settlement agreement is a contract that must be interpreted and enforced in accordance with the principles of contract law. *Enter. Energy Corp. v. United States (In re Columbia Gas Sys., Inc)*, 50 F.3d 233, 238 (3d Cir. 1995). Under New Jersey law, a contract is ambiguous only if its language is "susceptible to at least two reasonable alternative interpretations."[7] *Capparelli v. Lopatin*, 212 A.3d 979, 992 (N.J. Super. Ct. App. Div. 2019) (quoting *Nester v. O'Donnell*, 693 A.2d 1214, 1220 (N.J. Super. Ct. App. Div. 1997)). Where the parties' contractual language is

---

[7] New Jersey contract law governs the construction and enforcement of the Settlement Agreement here. (*See* Settlement Agreement 9 (providing that New Jersey law "shall govern the execution and enforcement of the [Settlement] Agreement"); *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2018 WL 4039506, at *3 (D.N.J. June 28, 2018).

6

"clear and unambiguous," the Court must enforce it as written. *Karl's Sales & Serv., Inc. v. Gimbel Bros., Inc.*, 592 A.2d 647, 650 (N.J. Super. Ct. App. Div. 1991) (citations omitted).

Here, the Release unambiguously provides that, except for the tort claims Defendant asserted in his Answer and Counterclaim in the Matrimonial Action, the parties "mutually remise, release and forever discharge each other from *any and all other actions, suits*, debts and claims, . . . which either of them *ever had, now has, or may hereafter have* against the other upon or by reason of any matter, cause or thing up to the date of the execution of this [Settlement] Agreement." (Settlement Agreement 6-7 (emphasis added).) It is undisputed that Plaintiff's claims against Defendant here arise from events occurring in 2021, well before the execution of the Settlement Agreement. (SUMF ¶¶ 1-3.)

The only claims expressly excluded from the Release are the tort claims Defendant asserted, and withdrew, in the Matrimonial Action. (Settlement Agreement 1, 6-7.) Plaintiff's present claims are not among those exclusions. While Plaintiff attempts to manufacture ambiguity by arguing that the Release does not specifically reference this civil action, that argument is unavailing. The plain terms of the Release bar "any and all" actions by either Plaintiff or Defendant against the other, except for the claims Defendant asserted in the Matrimonial Action. (*Id.*) Where a release contains a clear and unambiguous waiver of claims, a contracting party cannot evade its effect by contending it did not subjectively intend to waive the claims at issue. *See Deficcio v. Winnebago Indus.*, No. 11-872, 2011 WL 4594291, at *4-5 (D.N.J. Sept. 30, 2011) ("Where the terms of a contract are clear, a court 'must enforce the unambiguous terms as written, and it has no power to rewrite the contract of the parties by substituting a new or different provision from what is clearly expressed in the instrument.'" (citation omitted)).

7

The Court is constrained to enforce the Settlement Agreement "as written." *Karl's Sales & Serv., Inc.*, 592 A.2d at 650. The Court, accordingly, finds Plaintiff's claims against Defendant are barred by the Release. To hold otherwise would require rewriting the parties' Settlement Agreement, which the Court may not do. Defendant is therefore entitled to summary judgment as a matter of law.

**B.      Attorney Fees**

The Settlement Agreement further provides that a party who fails to abide by its terms "will be fully responsible for all reasonable expenses and costs, including attorneys' fees and disbursements, incurred in successfully enforcing th[e] [Settlement] Agreement." (Settlement Agreement 6.) Defendant has successfully enforced the Settlement Agreement in this action. Pursuant to the terms of the Settlement Agreement, the Court will award Defendant reasonable expenses and costs incurred in enforcing the Settlement Agreement and defending against Plaintiff's claims. *See Ortho-Clinical Diagnostics, Inc. v. Fulcrum Clinical Lab'ys, Inc.*, No. 21-2530, 2023 WL 3983877, at *4 (D.N.J. June 13, 2023).

**IV.      <u>CONCLUSION</u>**

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's claims against Defendant with prejudice. An Order consistent with this Memorandum Opinion will be entered.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: February 13, 2026

8