## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KELSEY KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>EWING TOWNSHIP, et al.,<br><br>Defendants. | Civ. Action No. 24-10824 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

 **PRESENTLY** before the Court is an application for attorney's fees submitted by Defendant Karl Kelley ("Defendant") (the "Application"). (Doc. No. 32). Plaintiff Kelsey Kelly ("Plaintiff") did not file an opposition to the Application. The Court has fully considered the Application without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS** the Application.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with the background and procedural history of this case, the Court recites only those facts relevant to the present Application.  Plaintiff alleges that on July 30, 2021, Defendant, her then-husband and a member of the Ewing Police Department, had Plaintiff arrested for burglary and theft without a legitimate basis.  (*See generally* Doc. No. 1).  On January 2, 2023, Plaintiff filed suit against Ewing Township, the Ewing Police Department, and the Mercer County Prosecutor's Office in New Jersey Superior Court.  (*See* Doc. No. 30 at p.2).  The Superior Court dismissed that complaint without prejudice on March 17, 2023.  (*See* Doc. No. 30 at p. 2).  Plaintiff and Defendant subsequently divorced and executed a settlement agreement which includes a mutual release of all potential claims, with the exception of several counterclaims Defendant filed against Plaintiff in their matrimonial action.  (*See* Doc. No. 30 at p. 3).  The settlement agreement also provides that a party who violates its terms "will be fully responsible for all reasonable expenses and costs, including attorneys' fees and disbursements, incurred in successfully enforcing th[e] [Settlement] Agreement."  (Doc. No. 30 at p. 8).

On August 20, 2024, Plaintiff filed an amended complaint in the state court action, adding Defendant and others as parties, and thereafter filed a second amended complaint, adding a claim under 42 U.S.C. § 1983 against all defendants.  (*See* Doc. No. 30 at p. 3).  Several defendants removed this matter based on federal question jurisdiction.  (*See* Doc. No. 30 at pp. 3-4).  Defendant moved for summary judgment

2

on the basis that the release between Plaintiff and Defendant barred Plaintiff's claims against him and that Defendant was entitled to attorney's fees. (*See generally* Doc. No. 11). After Defendant filed his motion, the Court granted a separate motion by the Mercer County Prosecutor's Office and Assistant Prosecutor Carl Petit to dismiss Plaintiff's second amended complaint without prejudice as to all defendants. (*See* Doc. No. 16). Plaintiff thereafter filed a Third Amended Complaint against all defendants, and Defendant filed a second motion for summary judgment. (*See generally* Doc. Nos. 18 & 21).

The Court granted Defendant's motion on February 13, 2026. (Doc. No. 31). The Court concluded that Plaintiff's claims against Defendant are barred by the release contained in the divorce settlement agreement and that Defendant is entitled to attorney's fees. (*See generally* Doc. No. 30). Accordingly, the Court dismissed Plaintiff's claims with prejudice and ordered Defendant to provide Plaintiff with a proposed award of costs and expenses, including attorney's fees. (Doc. No. 31).

Consistent with the Court's Order, Defendant's counsel proposed a total award of $12,905.25 to Plaintiff's counsel on February 16, 2026. (*See* Doc. No. 32-3, Exhibit A). After receiving no response, Defendant's counsel followed up on February 18, 2026. (*See* Doc. No. 32-3, Exhibit A). Plaintiff's counsel responded that his "client has no money" and "$12,000 for a motion?" (Doc. No. 32-3, Exhibit A). On March 4, 2026, Defendant's counsel reached out to correct an error and confirm that the amount owed for attorney's fees and costs is $9,905.25. (*See* Doc. No. 32-3, Exhibit A). Counsel

3

for Plaintiff again responded that his client could not pay. (*See* Doc. No. 32-3, Exhibit A).

Defendant filed this fee application on March 13, 2026. (*See* Doc. No. 32). Defendant requests attorney's fees, costs, and expenses totaling $12,724.75, inclusive of fees incurred in making this application. (*See* Doc. No. 32-1 at ¶¶ 27-28). Defendant argues that both his counsel's rates and the amount of time expended on motion practice are reasonable. (*See* Doc. No. 32-1 at ¶¶ 32-48). Plaintiff did not file an opposition to the application.

## II.    LEGAL STANDARD

The party seeking an award of attorney's fees bears the burden of demonstrating that its request is reasonable. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To determine whether the amount requested is reasonable, Courts begin with the lodestar, "which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433). The opposing party may then challenge the reasonableness of the sum demanded, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Id.* Courts possess "substantial

4

discretion to determine what constitutes reasonable attorneys' fees." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137 (3d Cir. 2018).

## III. DISCUSSION

Although Plaintiff does not oppose the Application, the Court must nevertheless determine whether Defendant has satisfied his burden to demonstrate that his counsel's hourly rates and the hours claimed are reasonable. *Interfaith Cmty. Org.*, 426 F.3d at 703, n.5. The Court addresses both categories in turn.

### A. HOURLY RATES

A party seeking fees bears "'the burden of establishing by way of satisfactory evidence, in addition to [their] own affidavits, . . . that the requested hourly rates'" are "reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018) (quoting *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001)). While the attorney's usual billing rate is a helpful starting point for the analysis, that rate is not dispositive. *Yang v. Vill. Supermarkets, Inc.*, No. 18-10486, 2025 WL 2315582, at *4 (D.N.J. Aug. 12, 2025). Attorneys often submit affidavits from other attorneys in the relevant legal community or other support to satisfy their burden of proving that the requested rate is reasonable. *See Atlantic City v. Zemurray St. Cap., LLC*, No. 14-5169, 2022 WL 92802, at *3 (D.N.J. Jan. 10, 2022). Ultimately, courts possess "substantial discretion to determine what constitutes reasonable attorneys' fees." *Palmer*, 897 F.3d at 137.

5

In support of the Application, Defendant's counsel, Ryan Wintermute, avers as to the billing rates charged by the professionals handling this matter: Marshall T. Kizner, a shareholder with eighteen years' experience, charges $500 per hour; Mr. Wintermute, an associate with seven years' experience, charges $350 per hour; Lisa Watto, a paraprofessional with over thirty years' experience, charges $200 per hour; and Cara Conlan, a paraprofessional with over twenty years' experience, charges $200 per hour. (Doc. No. 32-1 at ¶¶ 47-48). Mr. Wintermute certifies that these rates are similar to those charged in similar matters in this region and are competitive for similarly sized firms. (Doc. No. 32-1 at ¶¶ 36-37). Counsel makes that assertion "based on [the Firm's discussions and research with other law firms in the industry and based upon feedback from our existing clients." (Doc. No. 32-1 at ¶ 37).

This District often cites to the Community Legal Services ("CLS") fee schedule as a useful guidepost in determining reasonable hourly rates in this region. *See, e.g., MCO & EA LLC v. Silver Globe, Inc.*, No. 20-17100, 2023 WL 3478466, at *4 (D.N.J. May 15, 2023) ("Courts in the Third Circuit often use the rates set by Community Legal Services in Philadelphia as a benchmark for reasonable hourly rates within the geographic bounds of the Circuit"); *Zemurray St. Cap.*, 2022 WL 92802, at *3; *Stadler v. Abrams*, No. 13-2741, 2018 WL 3617967, at *8 (D.N.J. July 30, 2018). The CLS fee schedule sets forth the following relevant rates: $535 to $625 for attorneys with between sixteen to twenty years' experience; $320 to $415 for attorneys with between six to ten years' experience; and $245 to $285 for senior paralegals. There are also several cases

6

from within this District that do not reference the CLS fee schedule but nevertheless approve rates that are consistent with or close to the ranges set forth in that schedule. *See, e.g., Jackson Hewitt, Inc. v. Sra,* No. 22-4346, 2025 WL 1170822, at *3 (D.N.J. Mar. 21, 2025) (approving up to $610 for an experienced partner); *Serv. Experts LLC v. Baxter,* No. 21-18281, 2025 WL 607026, at *2 (D.N.J. Feb. 25, 2025) (approving up to $665 for a partner, $535 for a senior associate, and $410 for a junior associate); *Mister Softee Franchise LLC v. Giannos,* No. 24-2280, 2025 WL 593597, at *1 (D.N.J. Feb. 24, 2025) (approving rates of up to $600 for a partner and up to $440 for associates).

Here, the rates charged by Defendant's counsel and paraprofessionals are consistent with the range of rates which are often approved within this District for comparable matters. Accordingly, the Court finds the hourly rates charged by Defendant's counsel to be reasonable.

## B. HOURS EXPENDED

When considering a fee request such as this one, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Int. Rsch. Grp. of N.J. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley,* 461 U.S. at 433). The Court may also "reduce the hours claimed by the number of hours 'spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed.'" *Rode,*

7

892 F.2d at 1183 (quoting *Institutionalized Juvs. v. Sec. of Pub. Welfare*, 758 F.2d 897, 919 (3d Cir. 1985)).

Here, Defendant's counsel seeks to recover 33.4 hours of attorney and paraprofessional time ($12,724.75 in attorney's fees and costs) in connection with two summary judgment motions and the current fee application. (*See generally* Doc. No. 32). Ms. Conlon billed .5 hours ($100 in fees) for compiling client documents and preparing a new case file. (*See* Doc. No. 32-4). Mr. Kizner spent 2 hours ($1,000 in fees) reviewing the pleadings in this matter and conferring with Plaintiff's counsel regarding a potential voluntary dismissal. (*See* Doc. No. 32-4). Mr. Wintermute spent 10.9 hours ($3,815 in fees) drafting the first motion for summary judgment, and Mr. Kizner spent .9 hours ($450 in fees) reviewing and editing the motion and conferring with his client regarding same. (*See* Doc. Nos. 32-4, 32-5).

Mr. Kizner spent .4 hours ($200 in fees) reviewing this Court's July 17, 2025 opinion and order regarding the Mercer County Prosecutor's Office's motion for summary judgment and updating his client regarding same. (*See* Doc. No. 32-6). Mr. Kizner then spent another .4 hours ($200 in fees) reviewing Plaintiffs' third amended complaint. (*See* Doc. No. 32-7).

Mr. Kizner billed .2 hours ($100 in fees) for conferring with Defendant regarding the filing of the second motion for summary judgment. (*See* Doc. No. 32-7). Mr. Wintermute spent 4.3 hours ($1,505 in fees) drafting the second motion for summary judgment, and Mr. Kizner spent .4 hours ($200 in fees) reviewing and editing the

8

motion. (*See* Doc. No. 32-7). Mr. Wintermute billed .4 hours ($140 in fees), and Mr. Kizner billed .3 hours ($150 in fees), for reviewing Plaintiff's opposition to the second motion for summary judgment. (*See* Doc. No. 32-8). Mr. Wintermute spent 3.1 hours ($1,085 in fees) drafting a reply brief to the opposition. (*See* Doc. No. 32-8). Mr. Kizner billed .3 hours ($150 in fees) for editing the reply brief, and Ms. Watto billed 1.4 hours ($280 in fees) for preparing tables of contents and authorities for the brief and filing same. (*See* Doc. No. 32-9).

In sum, Defendant's counsel expended 25.5 hours litigating this matter, the vast majority of which was spent preparing two motions for summary judgment. Specifically, Defendant's counsel billed 11.8 hours ($4,265 in fees) preparing the first summary judgment motion and 10.4 hours ($3,610 in fees) preparing the second summary judgment motion and reply brief. (*See generally* Doc. No. 32). The Court finds the hours expended on these motions to be reasonable. *See, e.g. Migliori v. Lehigh Cnty. Bd. of Elections*, No. 22-397, 2025 WL 2493843, at *6 (E.D. Pa. May 19, 2025) (approving 20.7 hours billed for drafting a reply brief on a summary judgment motion); *Ida D. v. Rivera*, No. 17-5272, 2019 WL 2615481, at *8 (E.D. Pa. June 26, 2019) (approving 27.8 hours billed for a motion for summary judgment); *Emps. Ins. Co. of Wausau v. Harleysville Ins. Co. of N.J.*, No. 05-4900, 2008 WL 5046838, at *2 (D.N.J. Nov. 20, 2008) (approving 104.1 hours billed for pursuing a motion for summary judgment). The remaining 7.9 hours were billed for reviewing pleadings and court orders and conferring with

9

Plaintiff's counsel and Defendant. (*See generally* Doc. No. 32). The Court finds these entries to be reasonable as well.

Finally, Defendant's counsel included in his request the fees incurred in preparing this Application. (*See* Doc. No. 32-10). Mr. Wintermute billed .8 hours ($280 in fees) reviewing the Courts's order regarding Defendant's second motion for summary judgment and conferring with Defendant regarding next steps. (*See* Doc. No. 32-10). Mr. Wintermute billed .6 hours ($210 in fees) reviewing his firm's timesheets and conferring with opposing counsel regarding payment of Defendant's fees. (*See* Doc. No. 32-10). Mr. Wintermute then spent 6.3 hours ($2,205 in fees) preparing this Application, and Mr. Kizner spent .2 hours ($100 in fees) reviewing and editing the Application. (*See* Doc. No. 32-10). The Court finds these entries to be reasonable as well. *See, e.g. T.B. v. Mount Laurel Bd. of Educ.*, No. 09-4780, 2012 WL 1079088, at *6 (D.N.J. Mar. 30, 2012) (approving 5.9 hours billed for preparing a fee application); *P.N. v. Clementon Bd. of Educ.*, No. 02-1351, 2007 WL 1186552, at *9 (D.N.J. Apr. 20, 2007) (approving 15 hours billed for preparing a fee application). Because both Defendant's counsel's hourly rate and hours expended are reasonable, the Court fully grants Defendant's fee application.

IV.    CONCLUSION

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS** on this **10th** day of **July 2026** hereby

**ORDERED** that Defendant's Application (Doc. No. 32) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff shall remit to Defendant a total of **$12,724.75** in attorneys' fees and costs. The parties shall meet and confer as to the timing of such payment. Should the parties reach an impasse as to the timing of such payment, they shall raise it with the undersigned for consideration and resolution; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Application pending at Docket Entry Number 32.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

11